UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHAWN DONTAY SMITH, | No. 2:14-cv-2468 CKD P |
| Petitioner, | |
| v. | ORDER |
| W. L. MONTGOMERY, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2012 conviction in the Sacramento County Superior Court for attempted robbery and other offenses. (ECF No. 1.)

In his original petition, petitioner raised one claim: that the trial court erred by allowing the prosecutor to present prejudicial evidence of third-party attempts to influence the testimony of a witness, Davis. (Id. at 5.) On October 27, 2014, the petition was dismissed with leave to amend. (ECF No. 5.)

Petitioner's amended petition is now before the court for screening. (ECF No. 12.) In addition to his original claim, petitioner argues that his trial counsel was ineffective under the Sixth Amendment with respect to this prejudicial evidence concerning the victim, Davis. (Id. at 3.) Petitioner concedes this claim is unexhausted, as it was raised in the California Supreme Court in February 2015. (Id. at 2-3.) The United States Supreme Court has held that a federal

1

district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner seeks a stay of this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) while he exhausts his new claim in the state supreme court. (Id. at 3.) To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims, the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies.[1] 544 U.S. at 278.

In his Sixth Amendment claim, petitioner argues that his attorney should have requested a limiting jury instruction concerning the evidence that third parties had attempted to persuade the victim, Davis, to change her story. He argues that his attorney's failure to request a limiting instruction prejudiced the trial outcome. (Id. at 16-17.) See Berghuis v. Thompkins, 560 U.S. 370, 389-390 (2010) (considering whether counsel was ineffective in failing to request a limiting instruction in light of the full record).

Under Rhines, a district court abuses its discretion in granting a stay when petitioner's unexhausted claims are "plainly meritless." 544 U.S. at 277; see also Cassett v. Stewart, 406 F.3d 614, 623-624 (9th Cir. 2005) ("We now join our sister circuits in adopting the Granberry[2] standard and hold that a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."). Here, without the benefit of the trial record, the court finds that petitioner's IAC claim has sufficient potential merit to go forward.

As to good cause for failure to exhaust state remedies earlier, petitioner asserts that his appellate counsel failed to bring an ineffective assistance claim, even though "it was incumbent upon trial counsel[] to raise a limiting jury instruction." (ECF No. 15-16.) Petitioner contends that his appellate counsel's decision "was premised on a serious misunderstanding of California

---

[1] There is no indication that petitioner engaged in "intentionally dilatory litigation tactics," the third Rhines factor. 544 U.S. at 278.

[2] Granberry v. Greer, 481 U.S. 129, 135 (1987).

laws." (Id. at 17.) After doing his own research in the prison law library, petitioner decided to raise an ineffective assistance claim. (Id. at 3.)

Rhines does not go into detail as to what constitutes good cause for failure to exhaust. The Supreme Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust, Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), and the Ninth Circuit has held that a showing of good cause does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Recently, the Ninth Circuit noted that "[a]n assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). However, "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id.

In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay. Id. at 983. Moreover, "good cause under Rhines, when based on IAC, cannot be any more demanding than a showing of cause under Martinez [v. Ryan, --- U.S. 132 S. Ct. 1309 (2012)] to excuse state procedural default." Id. at 983-84. In Martinez, the Supreme Court held that "a prisoner may establish cause for a default of an ineffective assistance claim" where his post-conviction counsel "was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)[.]" See also Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation.").

The Blake court concluded that petitioner satisfied the good cause standard where he argued that his post-conviction counsel "failed to conduct any independent investigation or retain experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence that Blake was" subjected to severe abuse as a child and suffered from brain damage and psychological disorders. 745 F.3d at 982 (internal quotation marks omitted). The petitioner supported this argument with extensive evidence, including psychological evaluation reports, a declaration by the private investigator who worked briefly for his post-conviction attorney, and thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood

conditions. Id. at 982-83. The Blake court concluded that petitioner had met the Coleman/Martinez standard for good cause, "leav[ing] for another day whether some lesser showing will suffice to show good cause under Rhines." Id. at 983-84 & n.7.

Here, petitioner supplies no evidence in support of his contention that his appellate counsel was ineffective for failing to raise his IAC claim on direct appeal. From the petition alone, it is impossible to determine whether his appellate attorney was ineffective under the Strickland standard.

On the record before the court, petitioner has not shown "good cause" under Rhines and thus will be directed to file a second amended petition containing only exhausted claims. Failing that, the current petition will be dismissed as "mixed" without prejudice to refiling once all of petitioner's claims are exhausted. See 745 F.3d at 980 (mixed petition must be dismissed, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."), citing Rose v. Lundy, 455 U.S. 509 (1982).

Accordingly, IT IS HEREBY ORDERED that:

1. Not more than thirty days from the date of this order, petitioner may file a second amended petition in this action containing only exhausted claims; and

2. Petitioner's failure to timely file a second amended petition will result in dismissal of the petition at ECF No. 12, without prejudice to re-filing if and when state remedies are exhausted as to all claims therein.

Dated: April 16, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / smit2468.stay